**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EDWARD HERNANDEZ,

        Plaintiff - Appellant,

  v.

DORA SCHRIRO; et al.,

        Defendants - Appellees.

No. 08-15493

D.C. No. 05-CV-02853-DGC

MEMORANDUM [*]

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted November 5, 2009
San Francisco, California

Before: GOODWIN and W. FLETCHER, Circuit Judges, and MILLS,[**] District
Judge.

      Plaintiff Edward Hernandez appeals a summary judgment for Defendant

administrators of the Arizona Department of Corrections ("ADC"), Dora Schriro,

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]     The Honorable Richard Mills, District Judge for the Central District of
Illinois, sitting by designation.

Carson McWilliams, and Dorinda Cordova.  We have jurisdiction under 28 U.S.C. § 1291.  We reverse and remand.

Plaintiff was placed in Special Management Unit II ("SMU II") maximum security isolation based solely on his membership in Warrior Society, a designated security threat group, on May 18, 2004.  (2 Excerpts of Record 93).  The ADC reviews Plaintiff's retention in SMU II only annually, though Plaintiff may be able to initiate a debriefing or step down program at any time.  (*Id*. at 92, 161).  Plaintiff argues that Defendants violated his due process rights in placing and retaining him in SMU II.

Due process requires (1) upon initial placement in segregation, the inmate receives notice of the factual basis for the segregation and an opportunity to be heard; (2) some evidence to support the decision; and (3) periodic review of the inmate's confinement status.  *Wilkinson v. Austin*, 545 U.S. 209, 225–26 (2005); *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *Hewitt v. Helms*, 459 U.S. 460, 477 n.9 (1983) (*abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472, 483 (1995)).

Plaintiff does not argue that the first requirement is not satisfied.  Indeed, the record shows that he received notice and an opportunity to be heard upon placement into segregation.  (2 Excerpts of Record 93).  However, Plaintiff argues that the second requirement is not satisfied because the ADC relied only on some

evidence of Plaintiff's membership in a security threat group, rather than on some evidence of specific misconduct attributable to him. Plaintiff is incorrect. *See Bruce v. Ylst*, 351 F.3d 1283, 1286–88 (9th Cir. 2003). Because the record shows some evidence of Plaintiff's membership in Warrior Society, including Plaintiff's admission, the second requirement is satisfied. (2 Excerpts of Record 93).

Plaintiff argues that the third requirement is not satisfied because annual reviews plus the ability to initiate a debriefing or step down program is insufficient. This Court has indicated that annual reviews are insufficient. *Toussaint v. McCarthy*, 801 F.2d 1080, 1101 (9th Cir. 1986) (*abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). Whether the debriefing or step down programs are available and adequate alternatives to more frequent review raises legal and factual questions that cannot be answered on the record as developed thus far. Plaintiff alleges that he cannot safely participate in those programs because he will be labeled a "prison snitch." (2 Excerpts of Record 174). Such a label could raise safety concerns that implicate the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Accordingly, the case is remanded for further factual development.

Plaintiff also appeals the grant of summary judgment on claims related to the conditions of his confinement in SMU II. Specifically, Plaintiff argues that his Eighth Amendment rights are violated by his limited exercise opportunities and his

cell's lighting, and that his RLUIPA rights are violated because he is prohibited from pipe and sweat lodge ceremonies. We need not reach these issues at this time because they become moot if Plaintiff is not properly retained in SMU II.

REVERSED AND REMANDED.